MR. JUSTICE SHEEHY,
specially concurring:
I concur with the result here. On the speedy trial issue, I am persuaded that Sanderson is equally responsible for the delay, may even have not wished for a speedy trial, and so is in the position of Barker in Barker v. Wingo (U.S. 1972), *455 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. I fear we are becoming too mechanical in ticking off the Barker v. Wingo factors to deny a speedy trial objection. Such treatment was warned against by the U.S. Supreme Court in Barker. In deciding this issue, I would place more emphasis on whether there was demonstration in the record that a defendant really wanted a speedy trial. That was the deciding factor in Barker. I am not impressed with court findings of no prejudice to a defendant awaiting trial. Almost certainly any defendant under charge and awaiting trial, on bail or not, is restrained in his personal liberty, his associations are curtailed, he is exposed to public obloquy, and anxiety results to the defendant, his family and friends. See U.S. v. Marion (1971), 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468.
On the instructional issue, I think the court should have instructed the jury that a witness may be impeached on prior inconsistent statements. Otherwise a jury may lose the import of cross-examination by counsel to demonstrate that the witness told one story earlier and a different story later, which reflects directly on his credibility. I concur with the majority on this issue because the legislature has eliminated from the code the language formerly in section 93-1091-12, R.C.M. (1947), on which the decision in State v. Taylor depends (1973), 163 Mont. 106, 122, 515 P.2d 695, 704.